[22 NYS3d 734]

In the Matter of DAVID C. LAUB, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, December 23, 2015

## APPEARANCES OF COUNSEL

*Roderick Quebral, Principal Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Joel L. Daniels*, Buffalo, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 29, 1966, and maintains an office for the practice of law in Buffalo. The Grievance Committee filed a petition charging respondent with professional misconduct, including commingling client funds with personal funds and failing to make and keep required trust account records. Respondent filed an answer admitting the material allegations of the petition and thereafter appeared before this Court and submitted matters in mitigation.

Respondent admits that, in early 2012, he was retained to represent the executor and primary beneficiary of an estate, who instructed respondent to disburse funds from an estate checking account as needed for expenses incurred by the estate. Respondent admits that he thereafter delegated to his secretary bookkeeping duties for the estate checking account, including drafting checks and making check register entries, and thereafter did not personally review the account's check register, cancelled checks, or monthly bank statements. Respondent admits that, from March through August 2013, the secretary stole funds in the amount of $12,250 from the estate checking account and was thereafter convicted of two counts of grand larceny in the third degree (Penal Law § 155.35 [1]). Respondent further admits that, from March through August 2013, he deposited personal funds into his attorney trust account, used trust account funds to pay for personal expenses, issued checks drawn against the trust account made payable to cash rather than to a named payee, and failed to maintain records specifying the source or purpose of various transactions in his trust account, including the purpose of certain electronic transfers of funds from his trust account to his law firm operating account and personal checking account.

In addition, respondent admits that, from 2004 through 2014, he handled numerous legal matters for another client, including the client's refinancing of a loan secured by certain rental property owned by the client. Respondent admits that, in 2007,

he deposited into his trust account the proceeds of the loan refinancing, with the intent that a portion of the proceeds would be used to satisfy various debts owed by the client. Respondent further admits that he entered into an unwritten barter arrangement with the client whereby respondent provided legal services to the client, and the client in return provided landscaping and snowplowing services to respondent. Respondent admits that, in early 2014, the client sought from respondent an accounting of the proceeds of the aforementioned loan refinancing, including a statement of any legal fees that the client owed to respondent, and respondent failed to respond to that request. Respondent additionally admits that he failed to maintain records adequate to document his receipt and disbursement of the funds belonging to the client.

We conclude that respondent has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):

rule 1.15 (a)—commingling client funds with personal funds;

rule 1.15 (b) (1)—failing to maintain client funds in a special account;

rule 1.15 (c) (3)—failing to maintain complete records of all funds of a client coming into his possession and to render appropriate accounts regarding them;

rule 1.15 (d) (1) and (2)—failing to make and keep required bookkeeping records for accounts concerning his practice of law and to make accurate and contemporaneous entries in such records;

rule 1.15 (e)—making withdrawals from a special account payable to cash and not to a named payee;

rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.

We note that our conclusion that respondent violated rule 1.15 (b) (1) is based on his secretary's conversion of funds from the estate checking account. Although there is no allegation in this proceeding that respondent was involved in or benefitted from the secretary's theft of funds, the disciplinary rules provide that, under certain circumstances, a lawyer with supervisory authority over a nonlawyer employee shall be responsible for misconduct of the employee and, in this case, we conclude that the consequences of the secretary's misconduct could have been avoided or mitigated had respondent exercised reasonable supervisory authority over her administration of the estate checking account (*see* rule 5.3 [b] [2] [ii]; *see also Matter of Galasso*, 19 NY3d 688, 694-695 [2012]).

We have considered, in determining an appropriate sanction, the matters submitted by respondent in mitigation, including his expression of remorse for the misconduct and his statement that the misconduct was the result of inadvertence and inattention, rather than venal intent. In addition, we have considered respondent's statement that he has adopted proper bookkeeping and accounting procedures in his office, that he himself was victimized by his secretary's misconduct, and that he reported the misconduct to law enforcement. We have additionally considered, however, that the Grievance Committee has previously issued to respondent three letters of caution. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

SMITH, J.P., CARNI, VALENTINO and DEJOSEPH, JJ., concur.

Order of censure entered.